UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| CVS PHARMACY, INC., | |
| Plaintiff, | ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. TO CVS PHARMACY, INC.'S FIRST AMENDED COMPLAINT |
| vs. | |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. and AMERICAN EXPRESS COMPANY | |
| Defendants. | |
| | Civil Action No. 08-2316 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendants American Express Travel Related Services Company, Inc. and American Express Company (collectively "Amex"), by and through their counsel, Boies, Schiller & Flexner LLP and Cravath, Swaine & Moore LLP, as and for their Answer to the First Amended Complaint filed by CVS Pharmacy, Inc. ("CVS" or "Plaintiff") respond as set forth below.

Deny the averments of the introductory paragraph, headings, and prayer for relief to the extent that such portions of the Complaint require a response.

1. Deny the averments of Paragraph 1 of the First Amended Complaint except state that: (a) Plaintiff purports to bring a civil antitrust action under Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2); and (b) Plaintiff and Amex have entered into certain agreements, including agreements concerning the terms of Plaintiff's acceptance of American Express cards, and refer to such agreements for the contents thereof.

2. Deny the averments of Paragraph 2 of the First Amended Complaint.

3. Deny the averments of Paragraph 3 of the First Amended Complaint.

4. Deny the averments of Paragraph 4 of the First Amended Complaint.

5. Deny the averments of Paragraph 5 of the First Amended Complaint.

6. Deny the averments of Paragraph 6 of the First Amended Complaint, except state that: (a) they are without knowledge or information to admit or deny the averments pertaining to CVS's corporate characteristics; (b) from at least December 1, 1996 through June 30, 2006, CVS accepted American Express cards in payment for purchases by consumers; (c) CVS and Amex entered into certain agreements, including an agreement between C.V.S. Inc. and Amex effective on or about December 1, 1996 (the "1996 CVS Merchant Agreement") concerning the terms of CVS's acceptance of American Express cards, and refer to such agreement for the contents thereof; (d) CVS and Amex entered into an agreement effective July 1, 2006 (the "2006 CVS Merchant Agreement") concerning the terms of CVS's acceptance of American Express cards and refer to such agreement for the contents thereof; and (e) since July 1, 2006, and as of the date of this Answer, CVS has continued to accept American Express cards.

7. Admit the averments of Paragraph 7 of the First Amended Complaint.

8. Deny the averments of Paragraph 8 of the Complaint, except state that: (a) American Express Travel Related Services Company, Inc. is a New York corporation with its principal place of business in New York, New York; and (b) American Express Travel Related Services Company, Inc. is a wholly owned subsidiary of American Express Company.

9. Deny the averments of Paragraph 9 of the First Amended Complaint.

10. Deny the averments of Paragraph 10 of the First Amended Complaint except state that: (a) Plaintiff purports to assert claims under Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2); (b) Plaintiff purports to seek treble damages pursuant to Section 4 of

2

the Clayton Act (15 U.S.C. § 15(a)); (c) Plaintiff purports to seek injunctive relief pursuant to Section 16 of the Clayton Act (15 U.S.C. § 26); and (d) to the extent that the claims are not subject to mandatory arbitration agreements, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a).

11.     Deny the averments of Paragraph 11 of the First Amended Complaint, except state that: (a) to the extent that the claims are not subject to mandatory arbitration agreements, venue is proper in this Court; and (b) Amex's principal place of business is in New York, New York.

12.     Deny the averments of Paragraph 12 of the First Amended Complaint, except state that: (a) Defendants provide financial services in interstate commerce throughout the United States; and (b) Amex provides a variety of products and services throughout the United States, including, among others, charge cards and credit cards for consumers and businesses throughout the United States, global card network services, and merchant acquisition and merchant processing for Amex's network partners and proprietary payments businesses.

13.     Deny the averments of Paragraph 13 of the First Amended Complaint, except state that Amex provides a variety of products and services throughout the United States, including, among others, charge cards and credit cards for consumers and businesses throughout the United States, which cards permit American Express Cardmembers to charge purchases of goods and services throughout the United States at the merchants that accept cards bearing the American Express logo.

14.     Deny the averments of Paragraph 14 of the First Amended Complaint, except state that: (a) Amex has issued charge cards and credit cards to millions of individuals and businesses; (b) the Complaint sometimes uses the term "cardholders"; (c) Amex and its licensees

3

offer individual consumer charge cards and revolving credit cards, among other services; (d) American Express charge cards are primarily designed as a method of payment and not as a means of financing purchases of goods and services, and Cardmembers generally must pay the full amount billed each month for the approved charges incurred on a charge card, although most (if not all) of American Express's charge cards also offer revolving features; (e) among the charge cards offered by Amex are the American Express Gold Card and Platinum Card; (f) Amex offers a variety of revolving credit cards with a range of different payment terms, grace periods and rate and fee structures applicable to any balances not paid in full; and (g) Amex has entered in agreements with its Cardmembers and refers to such agreements for the contents thereof.

    15. Deny the averments of Paragraph 15 of the First Amended Complaint, except state that Amex has entered into different agreements with different merchants and refers to such agreements for the contents thereof.

    16. Deny the averments of Paragraph 16 of the First Amended Complaint, except state that: (a) Amex occasionally refers to a "3-Party Model" to describe closed-loop network transactions where Amex or its wholly owned subsidiaries act as both the card issuer and the merchant acquirer; and (b) in the 3-Party Model, the three parties are Amex, the American Express Cardmember, and the Amex merchant.

    17. Deny the averments of Paragraph 17 of the First Amended Complaint, except state that: (a) Amex Global Network Services, through its "NCL Model," enters into network card license arrangements with third-party financial institutions in the United States to issue American Express-branded cards; and (b) Amex has entered into different arrangements with different merchants and refers to such agreements for the contents thereof.

4

18. Deny the averments of Paragraph 18 of the First Amended Complaint, except state that: (a) Amex has granted certain third-party financial institutions a license to issue American Express-branded cards; (b) the NCL issuer owns the customer relationships for all cards it issues, provides customer service to its Cardmembers, transaction authorization, billing and credit management, is responsible for the marketing of the cards, and designs the card product features (including rewards and other incentives for Cardmembers), subject to meeting certain standards established by or in conjunction with Amex; and (c) in the NCL model, Amex operates the merchant network, routes and processes card transactions from the merchant's point-of-sale through submission to the issuer, and settles with the issuers.

19. Deny the averments of Paragraph 19 of the First Amended Complaint, except state that: (a) the number of sales being transacted with American Express cards has increased over time; (b) the dollar volume being transacted with American Express cards has increased over time; and (c) Amex's weighted average merchant discount rate has become lower over the alleged relevant time period.

20. Deny the averments of Paragraph 20 of the First Amended Complaint.

21. Deny the averments of Paragraph 21 of the First Amended Complaint, except state that Amex has entered into different agreements with different merchants, including certain agreements with Plaintiff, and refer to such agreements for the contents thereof.

22. Deny the averments of Paragraph 22 of the First Amended Complaint, except state that Amex has entered into different agreements with different merchants, including certain agreements with Plaintiff, and refer to such agreements for the contents thereof.

23. Deny the averments of Paragraph 23 of the First Amended Complaint, except state that: (a) a number of merchants that accept American Express cards on occasion

5

have suppressed use of American Express cards; and (b) Amex seeks to ensure that American Express Cardmembers are able to use their American Express cards at merchants that have agreed to accept American Express cards.

24. Deny the averments of Paragraph 24 of the First Amended Complaint, except state that Amex has entered into different agreements with different merchants and refer to such agreements for the contents thereof.

25. Deny the averments of Paragraph 25 of the First Amended Complaint, except state that Amex entered into different agreements with different merchants and refer to such agreements for the contents thereof.

26. Deny the averments of Paragraph 26 of the First Amended Complaint.

27. Deny the averments of Paragraph 27 of the First Amended Complaint.

28. Deny the averments of Paragraph 28 of the First Amended Complaint.

29. Deny the averments of Paragraph 29 of the First Amended Complaint.

30. Deny the averments of Paragraph 30 of the First Amended Complaint.

31. Deny the averments of Paragraph 31 of the First Amended Complaint.

32. Admit that there is a relevant geographic market in the United States for an appropriately defined product market, except otherwise deny the averments of Paragraph 32 of the First Amended Complaint.

33. Deny the averments of Paragraph 33 of the First Amended Complaint.

34. Deny the averments of Paragraph 34 of the First Amended Complaint, except state that Amex entered into different agreements with different merchants and refer to such agreements for the contents thereof.

35. Deny the averments of Paragraph 35 of the First Amended Complaint.

36. Deny the averments of Paragraph 36 of the First Amended Complaint.

37. Deny the averments of Paragraph 37 of the First Amended Complaint.

38. In response to Paragraph 38 of the First Amended Complaint, repeat and re-allege their answers to Paragraphs 1 through 37 as if fully set herein.

39. Deny the averments of Paragraph 39 of the First Amended Complaint.

40. Deny the averments of Paragraph 40 of the First Amended Complaint.

41. Deny the averments of Paragraph 41 of the First Amended Complaint.

42. Deny the averments of Paragraph 42 of the First Amended Complaint.

43. Deny the averments of Paragraph 43 of the First Amended Complaint.

44. In response to Paragraph 44 of the First Amended Complaint, repeat and re-allege their answers to Paragraphs 1 through 43 as if fully set forth herein.

45. Deny the averments of Paragraph 45 of the First Amended Complaint.

46. Deny the averments of Paragraph 46 of the First Amended Complaint.

47. Deny the averments of Paragraph 47 of the First Amended Complaint.

48. Deny the averments of Paragraph 48 of the First Amended Complaint.

49. In response to Paragraph 49 of the First Amended Complaint, repeat and re-allege their answers to Paragraphs 1 through 48.

50. Deny the averments of Paragraph 50 of the First Amended Complaint.

51. Deny the averments of Paragraph 51 of the First Amended Complaint.

52. Deny the averments of Paragraph 52 of the First Amended Complaint.

53. Deny the averments of Paragraph 53 of the First Amended Complaint.

54. Deny the averments of Paragraph 54 of the First Amended Complaint.

55. Deny the averments of Paragraph 55 of the First Amended Complaint.

Deny each and every averment in the First Amended Complaint not specifically admitted above. Deny that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with the Plaintiff. Defendants reserve the right to assert further defenses as discovery proceeds.

## FIRST AFFIRMATIVE DEFENSE

56. Plaintiff fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

58. Plaintiff's claims have been released, or are barred by the doctrines of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

59. Any and all damage to Plaintiff was caused by Plaintiff's own actions.

## FIFTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands and/or *in pari delicto*.

## SIXTH AFFIRMATIVE DEFENSE

61.     If Plaintiff suffered any damage or losses, such damage or losses are not cognizable for the claims asserted by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

62.     Plaintiff's alleged damages, if any, were not proximately caused by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

63.     Plaintiff failed to mitigate any damages that it may have suffered.

## NINTH AFFIRMATIVE DEFENSE

64.     All actions taken by Defendants were taken with the knowledge and agreement of Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

65.     Plaintiff's claims for equitable relief are barred by the doctrines of unclean hands and the absence of irreparable harm.

## ELEVENTH AFFIRMATIVE DEFENSE

66.     Plaintiff's claims are barred because Plaintiff lacks standing to assert them.

## TWELFTH AFFIRMATIVE DEFENSE

67.     Plaintiff's claims are barred because Plaintiff has failed to allege, and has not suffered, antitrust injury.

### THIRTEENTH AFFIRMATIVE DEFENSE

68.     Plaintiff's claims are barred because Defendants had legitimate business justifications for the conduct at issue, their conduct was pro-competitive, and their practices were and are reasonably justified.

### FOURTEENTH AFFIRMATIVE DEFENSE

69.     Plaintiff's claims may be subject to mandatory arbitration and other alternative dispute resolution agreements and thus may not properly be before this court.

### FIFTEENTH AFFIRMATIVE DEFENSE

70.     Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

71.     Plaintiff's claims are barred because of ratification, agreement, acquiescence, or consent to Defendants' alleged conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

72.     To the extent that the claims are subject to mandatory arbitration agreements, the Court lacks subject matter jurisdiction over this matter.

### JURY DEMAND

Defendants demand a trial by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants respectfully request that the Court enter judgment as follows:

1. Dismissing the Complaint in its entirety;

2. Awarding costs for defending this action against Plaintiff; and

3. Such other and further relief as is deemed just and proper.

Dated:     New York, New York
           March 14, 2011

| **CRAVATH, SWAINE & MOORE LLP** | **BOIES, SCHILLER & FLEXNER LLP** |
|---|---|
| /s/ Evan R. Chesler | /s/ Donald L. Flexner |
| Evan R. Chesler | Donald L. Flexner |
| Peter Barbur | Philip C. Korologos |
| Kevin Orsini | Eric J. Brenner |
| Worldwide Plaza | Damien J. Marshall |
| 825 Eighth Avenue | 575 Lexington Avenue |
| New York, N.Y. 10019 | New York, NY 10022 |
| Tel: (212) 474-1000 | Tel:  (212) 446-2300 |
| Fax: (212) 474-3700 | Fax:  (212) 446-2315 |

*Attorneys for Defendants American Express Company
and American Express Travel Related Services Company, Inc.*