**FRIEDMAN LAW GROUP** LLP

270 Lafayette Street 14th Floor   New York, New York 10012-3327
tel. 212 680.5150    fax. 646 277.1151    www.flgllp.com

April 14, 2011

<u>Via ECF</u>

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

                      Re:       *In re American Express Anti-Steering Rules Antitrust Litig.*,
                                   <u>MDL No. 2221</u>

Dear Judge Reyes:

       I am writing on behalf of Class Plaintiffs in response to the April 13, 2011 letter of Kevin Orsini, counsel for American Express.

       While we are not entirely opposed to a partial stay of class discovery, Class Plaintiffs should be afforded an immediate opportunity to contest a motion to compel arbitration on grounds that are independent of *Italian Colors*, and that would be unaffected by any further appellate activity in that case.  The Class agrees that any defense to arbitration based on *Italian Colors* may be stayed until that appeal is definitively resolved.  But Class Plaintiffs should be allowed the opportunity now to show that certain class representatives are not bound by arbitration agreements, such that the Class case may proceed without any restraints.  The definitive resolution of *Italian Colors* could take years.  There is simply no logic behind waiting for that resolution when independent grounds exist for the Class to resist arbitration.  Moreover, American Express's counsel has informed us that it will forge ahead and seek to compel arbitration in this case even if certiorari is denied in *Italian Colors* this coming October.

       Furthermore, under the Federal Arbitration Act, there is no legal basis for staying discovery on the Third Claim for Relief of the Consolidated Class Action Complaint, which challenges the arbitration clause itself.  Accordingly, the Class Plaintiffs do not object to proceeding under the Court's earlier partial stay order, modified to provide: (1) that briefing shall proceed now on the non-*Italian Colors* related defenses described below, and (2) that discovery on the Third Claim for Relief may proceed in the interim.

1.      <u>**The Change-In-Terms Defense To Arbitration Should Be Briefed Now**</u>

       Quite separate and apart from the bases relied upon by the Second Circuit in *Italian Colors I* and *II* to invalidate Amex's collective action bans, there is a more basic and fundamental reason that these provisions may not be enforced: there exists *no agreement* to arbitrate or ban collective action between Amex and certain class representatives.   More specifically, merchants who accepted Amex cards prior to mid-1999 (among others) were subject

Honorable Ramon E. Reyes, Jr.
April 14, 2011
Page 2

to contracts that did not compel arbitration and did not prohibit collective action.  The standard form agreement in effect at that time did allow American Express to "change" existing terms of the agreement, by mailing unilateral notices to merchants.  But as this Court has repeatedly held, these so-called "change-in-terms" provisions allow only *changes* to already-existing terms; they do not allow a company to *add* an entirely new provision requiring arbitration or waiving collective action – especially where, as here, there was no predicate dispute resolution clause at all.  See *Stone v. Golden Wexler & Sarnese, P.C.*, 341 F.Supp.2d 189 (E.D.N.Y.2004) (Dearie, J.) (applying Virginia law); *Follman v. World Fin'l Network Nat. Bank*, 721 F.Supp.2d 158 (E.D.N.Y. 2010) (Townes, J.) (applying Ohio law).  These decisions and many others like them rely on general contract principles that are fully applicable under New York law governing contract formation.

The change-in-terms defense is totally divorced from any challenge based on unconscionability principles or the "vindication of rights" rationale of *Italian Colors*.  See *Follman,* 721 F.Supp.2d at 162, n.2 ("Plaintiff has not raised any issues contesting . . . the arbitration provision . . . [as] procedurally or substantively unconscionable. Instead, the dispute is limited to whether the defendant had the contractual authority to add the arbitration provision.")  The ultimate disposition of *Italian Colors* will shed no light on the change-in-terms defense.  The issues are entirely independent.

There is, therefore, no logic behind waiting for final resolution of *Italian Colors* before resolving the change-in-terms defense.  American Express's counsel has told Class Plaintiffs' counsel that, even if certiorari is denied in *Italian Colors,* or if the case is affirmed by the Supreme Court, they will nonetheless press ahead and seek to compel arbitration in the instant case on various grounds.  Accordingly, there is no scenario under which the change-in-terms defense might be rendered moot.  Waiting to address the change-in-terms defense only heaps massive delay upon a case initiated in 2006.

**2.      The Third Claim For Relief Should Not Be Subject To Any Stay**

The Class Plaintiffs' Third Claim for Relief  asserts that the collective action waivers were specifically developed and instituted to maintain American Express's monopoly position, and to facilitate its violations of Sherman Act § 1. The claim (which is not predicated upon *Italian Colors* at all) is that the arbitration clauses *themselves* are the product of a deliberate scheme to violate the antitrust laws, and as such are void or voidable for illegality.

Under FAA § 2, arbitration agreements are "enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."  Illegality is one well-established ground that exists under the common law for the revocation of any contract.  In the Third Claim For Relief, Class Plaintiffs seek to establish precisely such illegality, and contend that that their refusal to perform under those provisions is justified under the FAA.  The applicable procedure is thus set forth in FAA §4, which directs that "if the making of the arbitration agreement or the . . . refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof," and the party resisting arbitration may "demand a jury trial of such issue."

Honorable Ramon E. Reyes, Jr.
April 14, 2011
Page 3

In practice, the appropriate course is to allow discovery to go forward as to the claim that would invalidate the arbitration agreement, and then determine at an appropriate time whether to schedule a jury trial under FAA § 4:

> The parties are directed to commence discovery on Plaintiff's claim that he was induced to sign the [agreement] by misrepresentation. . . . Defendants' motions to compel arbitration and stay these proceedings are denied pending the outcome of discovery. Plaintiff's request for a jury trial on the issue of arbitrability, pursuant to Section 4 of the FAA, 9 U.S.C. § 4, will be considered at the close of discovery. [Citations omitted]

*Berger v. Cantor Fitzgerald Secs*., 942 F. Supp. 963, 967 (S.D.N.Y. 1996).  We submit this is the proper roadmap in the instant case as well.

**3.**     **Class Plaintiffs' Proposal**

Class Plaintiffs respectfully propose that the Court set a briefing schedule pursuant to which American Express must move to compel arbitration.  The Class Plaintiffs agree that briefing on defenses related to *Italian Colors* and unconscionability under the law of any state should not be briefed until the Court directs.   Pending the Court's resolution of the change-in-terms defense,  the Class Plaintiffs shall be subject to the "partial stay" provisions of the March 3, 2011 Order, *provided however*, that the Class Plaintiffs may proceed with discovery as to their Third Claim for Relief.

Respectfully submitted,

*s/ Gary B. Friedman*

Gary B. Friedman

cc:     All counsel of record via ECF