# FRIEDMAN LAW GROUP LLP

270 Lafayette Street 14th Floor  New York, New York 10012-3327
tel. 212 680.5150    fax. 646 277.1151    www.flgllp.com

April 27, 2011

Via ECF

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:     *In re American Express Anti-Steering Rules Antitrust Litig.*,
                            MDL No. 2221

Dear Judge Reyes:

      Pursuant to the direction of the Court, as reflected in the Minute Order dated April 14, 2011, I am writing on behalf of Class Plaintiffs "regarding the limited issue of jurisdiction," and not as a substantive response to Mr. Orsini's letter to the Court dated April 20, 2011. We certainly take strong issue with Mr. Orsini's factual and legal assertions, and look forward to addressing them at the upcoming status conference on May 6.

      Meanwhile, our views on the jurisdiction of this Court can be summarized as follows:

      1.    <u>Power to order briefing schedule</u>. Your Honor certainly has, and we believe should exercise, the power to order that Amex must move to compel arbitration and that the parties must brief the issues that Class Plaintiffs have shown will not be rendered moot by *Italian Colors*. We do not understand Amex to assert that establishing such a schedule and defining the issues to be briefed would somehow exceed this Court's power under 28 U.S.C. § 636(b).

      2.    <u>Power to resolve motion to compel.</u> Your Honor further has the clear power to resolve the motion to compel arbitration, provided that both parties agree under 28 U.S.C. § 636(c)(1). In our view, consent is required under the statute. Because Class Plaintiffs could not possibly vindicate their rights under Amex's arbitration clause, an order compelling arbitration here would surely be regarded as "functionally equivalent to an order of dismissal for the purposes of 28 U.S.C. § 636(b)(1)(A)." *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008) (addressing motion to remand case to state court). The weight of authority suggests that, absent party consent, Magistrate Judges generally do not have the power to determine motions to compel arbitration. See *Wilder v. Midland Credit Mgmt.*, 2010 WL 2499701 at n. 1 (N.D. Ga. May 20, 2010) (discussing relevant case law, and applying *Williams* in arbitration context)

      The Class Plaintiffs hereby consent to this Court's jurisdiction. If Amex prefers to make its § 636(c) election after this Court has ruled on the preceding numbered item – i.e., has defined the issues to be briefed and has set a schedule -- Class Plaintiffs have no objection to that.

Honorable Ramon E. Reyes, Jr.
April 27, 2011
Page 2 of 2

      3.    <u>Power to direct discovery on Claim III</u>.  It is clearly within the general pre-trial powers of this Court to direct that discovery proceed under Claim III.  Here again, we do not understand that Amex disputes this point.

      4.    <u>Power to resolve Claim III</u>.  If Amex addresses a dispositive motion to Claim III, whether under Rule 12(b)(6) or after discovery, then the parties' consent would be required to allow Your Honor to determine that motion, under § 636(b)(1)(A).  Likewise, in the event a jury trial were scheduled under FAA § 4 on the propriety of Class Plaintiffs' "refusal to perform" under the arbitration agreements, the parties' consent would be required to enable Your Honor to preside over that trial.  Class Plaintiffs hereby consent to any such exercise of jurisdiction.

      5.    <u>Court vs. Arbitrator Issue</u>.   On the merits, Claim III is clearly for a court, and not an arbitrator.  Claim III asserts that the *arbitration provisions* at issue were instituted to insulate Amex from damages liability for its antitrust violations.  FCCAC ¶¶ 77, 85.  It plainly calls into question "specifically the validity of the agreement to arbitrate" rather than "challeng[ing] the contract as a whole."  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006).  The matter is thus for a court and not an arbitrator under *Buckeye* and related authority.  *See generally, Italian Colors I*, 554 F.3d at 311.

      At the May 6 conference, we will be prepared to address these threshold jurisdictional issues and look forward to addressing the matters raised in my April 14 letter and Mr. Orsini's April 20 responsive letter.

      Respectfully submitted,

      *s/ Gary B. Friedman*

      Gary B. Friedman

cc:    All counsel of record via ECF