# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

June 29, 2012

**By ECF**
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Brooklyn, New York 11201

*In Re: American Express Anti-Steering Rules Antitrust Litig.,*
11-MD-2221-NGG-RER

Dear Judge Reyes:

American Express ("Amex") has discovered an inadvertent error in certain of its Answers that it seeks leave to correct pursuant to Federal Rule 15(a)(2). Specifically, the four Answers that Amex filed in March 2011 (the "2011 Answers") had unintentionally, and unnoticed, deleted words from Amex's Second Affirmative Defense that had been included in the parallel affirmative defenses in Amex's 2009 Answers to the Merchant Plaintiffs' original complaints (the "2009 Answers"). In each of the 2009 Answers, the Second Affirmative Defense reads "Plaintiff's claims are barred by <u>applicable statutes of limitation, or</u> the doctrine of laches," while the 2011 Answers do not include these five underlined words. Notwithstanding this omission, Amex's intent to challenge the timeliness of the Merchant Plaintiffs' claims on both the equitable grounds of laches and the statutory grounds of statute of limitations has always been clear. Amex now seeks to conform its 2011 pleadings and reinsert the language that was included in 2009. The correction will cause no prejudice to Plaintiffs including because they have always known that Amex intends to challenge the timeliness of their claims in post-discovery motion practice, at trial, or on appeal, and because they have conducted discovery on the issue.

As the Court is aware, Amex's statute of limitations defense was raised in Amex's Rule 12(c) motion at the outset of these cases. This motion argued that the Merchant Plaintiffs' claims had accrued (and the statute of limitations had therefore begun to run) when they signed their original card acceptance agreements more than four years before the first lawsuits challenging the NDPs were filed. Judge Garaufis denied the motion based on the pleadings, but held that Amex could renew its statute of limitations defense after discovery. *Rite Aid Corp. v. American Exp. Travel Related Services Co., Inc.*, 708 F. Supp. 2d 257, 266-70 (E.D.N.Y. 2010). In light of the Court's license for Amex to renew its motion, the Merchant Plaintiffs have been well aware of this possibility throughout case.

Amex's intention to press its statute of limitations defense against all defendants has also been expressly referenced multiple times during discovery. For example, Amex's August 19, 2011, motion to compel, which sought pre-2000 card acceptance agreement negotiations from all plaintiffs because of their relevance to the statute of limitation issue, reiterated Amex's intent to

BOIES, SCHILLER & FLEXNER LLP

Hon. Ramon E. Reyes, Jr.
June 29, 2012
Page 2 of 3

file a "renewed motion on statute of limitations grounds at the close of discovery" against all relevant plaintiffs with pre-2000 contracts. (Aug. 19, 2011 Mt., p. 3.) In opposing that motion, the Merchants Plaintiffs' disputed Amex's characterization of Judge Garaufis' decision as authorizing pre-2000 discovery, but recognized the relevance of the statute of limitations issue to their cases. Indeed, after the August 2011 motion practice, both the Merchant Plaintiffs and Amex served and responded to discovery targeting the pre-2000 contract negotiations relevant to Amex's statute of limitations defense. And, at the recent March 27, 2012, hearing, Amex counsel reconfirmed that "We have a number of affirmative defenses that we've asserted, some of which we actually bear the burden of proof on, such as possibly statute of limitations issues". (3/27/12 Hr'g Tr. at 22.)

Further, although language referring to the statute of limitations was inadvertently deleted from the 2011 Answers, the language asserting Amex's laches defense in the Second Affirmative Defense remained. Courts in the Second Circuit have recognized in Sherman Act cases that "where the conduct forming the basis for the Complaint occurs outside of the analogous statute of limitations period, the doctrine of laches presumptively bars a plaintiff's claims absent a showing that delay was excusable and caused no prejudice to the defendant." *Madison Square Garden, L.P. v. National Hockey League*, No. 07-Civ-8455 (LPA), 2008 WL 4547518, at *10 (S.D.N.Y. Oct. 10, 2008) (citing *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996) ("Although laches is an equitable defense, employed instead of a statutory time-bar, analogous statutes of limitation remain an important determinant in the application of a laches defense.").) Thus, Amex's affirmative defense of laches provided further notice to the Merchant Plaintiffs that they would need to defend against arguments by Amex that their claims were untimely.

Under Federal Rule 15(a)(2), the "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The "rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Youngbloods v. BMG Music*, No. 07-Civ-2394, 2011 WL 43510, at *8 (S.D.N.Y. Jan. 6, 2011) (citing *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)); *see also Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000) (denial of leave to amend is limited to circumstances where there is "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility"). Here, the absence of bad faith or dilatory motive by Amex cannot be questioned: having discovered the errors in the 2011 Answers, Amex is seeking to correct the inadvertent omissions in its pleadings to avoid unnecessary disputes when, as the Court anticipated, Amex renews its statute of limitations motion. Moreover, the Merchant Plaintiffs will suffer no prejudice if the 2011 Answers are corrected. They have unquestionably been on notice of the statute of limitations defense since the beginning of the case based on Amex's Rule 12(c) motion. And, throughout the discovery period (including after the 2011 Answers were served), it has remained clear that Amex's statute of limitations defense was a live issue, including based on Amex's express statements and post-March 2011 discovery and motion practice. Finally, because Judge Garaufis

BOIES, SCHILLER & FLEXNER LLP

Hon. Ramon E. Reyes, Jr.
June 29, 2012
Page 3 of 3

already ruled that Amex could renew its statute of limitations defense after discovery, there is no question of futility.

Thus, under the liberal Rule 15(a)(2) standard, good cause exists to permit Amex to amend the 2011 Answers to add the five words that were inadvertently omitted regarding the statute of limitations defense. Indeed, even if the 2011 Answers were not corrected now, the mistaken omission of an express reference to the statute of limitations affirmative defense in the 2011 Answers would not preclude Amex from raising this defense later in this case. Under the principles of equity and fairness that govern practice under Federal Rule 8(c), "in this Circuit, it is well established that an affirmative defense" not raised in an answer "may be asserted even at summary judgment where the party opposing the affirmative defense has the opportunity to respond effectively to that defense, and has otherwise suffered no prejudice as a result of its late pleading." *Feeney v. Dunham*, No. 3:06-cv-310, 2007 WL 1186046, at *4 (D. Conn. Apr. 18, 2007) (citing *Astor Holdings Inc. v. Roski*, 325 F. Supp. 2d 251, 260-61 (S.D.N.Y.2003) ("a district court may consider the merit of an affirmative defense—even one explicitly listed in Fed. R. Civ. P. 8(c)—raised for the first time at the summary judgment stage, so long as the plaintiff has had an opportunity to respond"). Regardless, while amending the 2011 Answers now is not strictly necessary, Amex believes correcting the language in the Second Affirmative Defense is appropriate to ensure all the applicable pleadings are in order.

Amex informed the Merchant Plaintiffs this week of their intent to make this application. The Merchant Plaintiffs have not yet indicated whether they will oppose Amex's request.

Respectfully submitted,

/s/ Philip C. Korologos

Philip C. Korologos

cc: Counsel of Record (by email)