# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

January 31, 2014

**VIA ECF**

Honorable Nicholas G. Garaufis
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY  11201

In re American Express Anti-Steering Rules Antitrust Litig. (No. II), 11-MDL-2221

The Marcus Corporation v. American Express, 13-CV-07355

Dear Judge Garaufis:

      We write in response to the suggestion in the letter from Class Plaintiffs of earlier today that the Court should order American Express and the Individual Merchant Plaintiffs to engage in mediation of the Individual Merchant Plaintiffs' damages claims.  We wish to make a few points clear:

      <u>First</u>, there is no connection, and can be none, between the Individual Merchant Plaintiffs' objection concerning Paragraph 24 of the proposed Preliminary Approval Order (which relates solely to their injunctive relief claims) and the Class Plaintiffs' proposal that the Court require mediation of the Individual Merchant Plaintiffs' damages claims.  All merchants' damages claims are preserved under the settlement agreement (including such claims by the Individual Merchant Plaintiffs).  The Preliminary Approval Orders can and should be entered without any connection to the Individual Merchant Plaintiffs' separate damages claims.

      <u>Second</u>, as the Class Plaintiffs note, we already have a mediator in place: Ken Feinberg.  He is one of the most respected mediators in the country and successfully presided over the negotiations that led to the class settlement that has been submitted to Your Honor. With Mr. Feinberg, American Express and a number of the Individual Merchant Plaintiffs have already engaged in mediations of their present claims that were wholly unsuccessful, resulting in the mediator's suggestion that further mediations with other of the Individual Merchant Plaintiffs would not be fruitful.  American Express does not believe there would be any use in seeking to mediate the remaining damages claims of the opt-outs, particularly in the current context where the Individual Merchant Plaintiffs are using their objection to an injunctive relief settlement that satisfies the standard for both preliminary and final approval solely to coerce payment of damages for meritless claims.

Honorable Nicholas G. Garaufis
January 31, 2014
Page 2 of 2

      We thus respectfully request that the suggestion concerning mediation in Mr. Friedman's letter not be adopted.

                                        Respectfully submitted,

                                        /s/ Philip C. Korologos

                                        Philip C. Korologos

Copies to all Counsel