UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN EXPRESS ANTI-STEERING RULES ANTITRUST LITIGATION (II) | 11-MD-02221-NGG-RER<br>ECF CASE |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

NICHOLAS G. GARAUFIS, United States District Judge.

## CLASS SETTLEMENT PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has considered the Definitive Class Settlement Agreement, including its Appendices, dated as of December 19, 2013 (the "Class Settlement Agreement") among the Class Plaintiffs and the Defendants, which sets forth the terms and conditions for a proposed settlement of the Class Actions, and the termination and disposition of all causes of action against the Defendants seeking injunctive relief in those Class Actions with prejudice and all causes of action against the Defendants seeking damages in those Class Actions without prejudice;

WHEREAS, the Court has considered the motion of Class Plaintiffs for preliminary approval of the Class Settlement Agreement, the Memorandum of Law and evidence filed in support thereof, the objections to preliminary approval of the Class Settlement Agreement and all evidence filed in support of such objections, and all other papers submitted in connection with the Class Settlement Agreement; and

WHEREAS, the Court held a hearing on February 6, 2014, at which the Court heard argument on whether the Class Settlement Agreement should be preliminarily approved;

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1. This Class Settlement Preliminary Approval Order incorporates by reference the definitions in the Class Settlement Agreement, and all terms herein shall have the same meanings as set forth in the Class Settlement Agreement.

2. The Court has subject matter and personal jurisdiction over the Class Plaintiffs, all members of the settlement class provisionally certified below, and the Defendants.

3. The Court preliminarily approves the Class Settlement Agreement as within the range of a fair, reasonable, and adequate settlement within the meaning of applicable law.

4. Based on and pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(2), the Court provisionally certifies, for settlement purposes only, a Settlement Class, from which exclusions shall not be permitted, consisting of all Persons that as of the Settlement Preliminary Approval Date or in the future accept any American Express-Branded Cards at any location in the United States (including at a physical merchant location, online and mobile application), except that the Settlement Class shall not include the named Defendants, their directors, officers, or members of their families.

5. The Settlement Class shall include all Persons, described in Paragraph 4 above, regardless of whether such Persons have restricted, in any way, the means by which they can resolve disputes against the Defendants or the procedural mechanisms available for the resolution of disputes against the Defendants. Such restrictions include, without limitation, restrictions regarding or requiring arbitration, jury trials, participation in dispute resolution in a representative capacity, participation in dispute resolution as a member of a class or on a

consolidated basis, or any other rights that may be available in court that are not available in arbitration.

6. "Certification of a class for settlement purposes only is permissible and appropriate provided" that the standards under Rule 23(a) and (b) "are met." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 31 (E.D.N.Y.) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-21 (1997)); *see Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 349 (E.D.N.Y. 2006) ("Before reaching the merits of the proposed settlement . . . the court must first ensure that the settlement class, as defined by the parties, is certifiable under the standards of Rule 23(a) and (b)."). As summarized in *Amchem*, "Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class)." 521 U.S. at 613 (internal quotation marks, ellipses, and brackets omitted).

7. The numerosity requirement of Rule 23(a) is satisfied when the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). That requirement is satisfied here because the Settlement Class consists of millions of merchants. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("numerosity is presumed at a level of 40 members").

8. The commonality requirement of Rule 23(a) is satisfied when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied by showing that "the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation and internal quotation marks omitted). Here, this

3

requirement is satisfied because all of the members of the Settlement Class were allegedly injured by the Defendants' course of conduct, that is, maintaining allegedly anticompetitive rules and contractual provisions regarding acceptance of American Express-Branded Cards.

9. The typicality requirement under Rule 23(a) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality can be satisfied "if plaintiffs' grievances share a common question of law or of fact." *Marisol A. v. Giuliani,* 126 F.3d 372, 376 (2d Cir. 1997). Here, the Class Plaintiffs' claims are typical of the class as a whole. Those alleged injuries arise out of the same conduct by the same Defendants and are based on the same legal theories. Because the same conduct was directed at both the Class Plaintiffs and the other members of the Settlement Class, the Rule 23(a)(3) standard is met.

10. The adequacy requirement under Rule 23(a) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequacy is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG,* 443 F.3d 253, 268 (2d Cir. 2006). Here, the class representatives have vigorously pursued the claims of the class and in negotiating the proposed settlement. There are no conflicts between the Class Plaintiffs and other class members for the purposes of certification of a settlement class.

11. As stated above, the Settlement Class also satisfies Rule 23(b)(2). Rule 23(b)(2) is satisfied when the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see Wal-Mart Stores,* 131 S. Ct. at 2557 ("The key to the (b)(2) class is the

indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (citations and internal quotation marks omitted). This standard is met here. Class Plaintiffs challenge Defendants' rules and conduct that affect every member of the Settlement Class. The rules changes described in the Class Settlement Agreement will apply to all members of the class. Thus, class certification under Rule 23(b)(2) is appropriate. As Judge Gleeson recently held in certifying a similar injunctive class of merchants suing other payment card networks: "Because all the members of the injunctive relief class were subject to the same rules, and because the relief afforded by that class is a change to those rules, the class satisfies the requirement that defendants have 'acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole.'" *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2013 U.S. Dist. LEXIS 179340, 83 (E.D.N.Y. Dec. 13, 2013) (quoting Fed. R. Civ. P. 23(b)(2)).

12. The definition of the proposed injunctive relief class in the Animal Land Consolidated Class Action Complaint is hereby amended to be the same as the Settlement Class provisionally certified above.

13. In the event of termination of the Class Settlement Agreement as provided therein, certification of the Settlement Class shall automatically be vacated and each Defendant may fully contest certification of any class as if no Settlement Class had been certified.

14. The Court finds and concludes that the Class Plaintiffs will fairly and adequately represent and protect the interests of the Settlement Class, and appoints them to serve as the representatives of the Settlement Class. Based on and pursuant to the criteria of Federal Rule of

Civil Procedure 23(g), the Court appoints the law firms of Friedman Law Group LLP, Patton Boggs LLP, and Reinhardt, Wendorf & Blanchfield to serve as Class Counsel.

15. The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

16. The Court appoints Epiq Systems as the Class Administrator to assist Class Counsel in effectuating and administering the Notice Plan.

17. The Court determines that notice should be provided to members of the Settlement Class but that no exclusions should be permitted from the Settlement Class.

18. The Court approves the method of notice to be provided to the Settlement Class in substantially the form described in the Notice Plan and budget contained in Appendix E to the Class Settlement Agreement, including use of the website and postcard notice and publication notice contained in Appendix F to the Class Settlement Agreement. The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class that would be bound by the Class Settlement Agreement and apprise them of the Action, the terms and conditions of the Class Settlement Agreement, and their right to object to the Class Settlement Agreement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

19. Consistent with the Notice Plan, the Court directs the Class Administrator, as soon as practicable following the Court's entry of the Class Settlement Preliminary Approval Order, but before commencement of the mail and publication notice, to establish the dedicated Settlement Website, post office box, and toll-free telephone line for providing notice and information to members of the Settlement Class.

20. On or before March 7, 2014, Class Administrator shall complete the mail and publication notice to members of the Settlement Class that is described in the Notice Plan, using the website and postcard notice and publication notice contained in Appendix F to the Class Settlement Agreement.

21. The Court shall hold a final approval hearing at 10:00 a.m. on September 17, 2014 at the Court house for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At that final approval hearing, the Court will conduct an inquiry into the fairness, reasonableness, and adequacy of this Class Settlement Agreement and address any objections to it, and determine whether this Class Settlement Agreement should be finally approved, and whether to approve any motion for the Attorneys' Fee and Expense Award.

22. On or before April 15, 2014, Class Counsel will file all motion and supporting papers seeking the Court's final approval of this Class Settlement Agreement and any Attorneys' Fee and Expense Award with respect to any Class Action, so that notice of such motion or motions and any award sought may be provided to members of the Settlement Class under the Notice Plan. Class counsel will provide notice of such motions to members of the Settlement Class by causing all such motions and supporting papers to be posted prominently on the Settlement Website prior to, or simultaneous with, their filing with the Court.

23. As explained in the website and postcard notice and publication notice, any Settlement Class member shall have until June 6, 2014 (the "Class Objection Period"), to submit an objection to this Class Settlement Agreement (be an "Objector") and any notice to appear.

24. Any Objector must file a written statement of objections with the Court within the Class Objection Period, and send it to the following designees of Class Counsel and counsel for the Defendants, by first-class mail and postmarked within the Class Objection Period:

> Designee of Class Counsel: Mark Reinhardt, Reinhardt, Wendorf & Blanchfield, E-1250 First National Bank Bldg., 332 Minnesota St., St. Paul, MN 55101

> Designee of Defendants: John F. LaSalle, Boies, Schiller & Flexner LLP, 575 Lexington Avenue, 7th Floor, New York, New York 10022

25. The Objector's statement must: (a) contain the words "American Express Class Action Settlement"; (b) state each and every objection of the Objector and the specific reasons therefor; (c) provide all legal support and all evidence that the Objector wishes to bring to the Court's attention in support of any objection; (d) state the full name and address and telephone number of the Objector; (e) provide information sufficient to establish that the Objector is a Settlement Class member; and (f) state the full name, mail address, email address, and telephone number of any counsel representing the Objector in connection with the objections.

26. In addition, any Objector or counsel for an Objector that desires to appear at the final approval hearing must file with the Court within the Class Objection Period, and send to the designees of Class Counsel and counsel for the Defendants identified above, by first class mail and postmarked within the Class Objection Period, a separate notice of intention to appear that identifies by name, position, address, and telephone number each person who intends to appear at the final approval hearing on behalf of the Objector.

27. Any reply papers by the proponents of the settlement shall be filed on or before July 11, 2014.

28. On or before March 25, 2014, the Class Administrator shall prepare and file with the Court a report, and provide the report to the designees of Class Counsel and counsel for the Defendants identified above.

29. The Class Administrator's report shall:

(1) Confirm that the Notice Plan was carried out and that the website notice, mail notice, publication notice, and any other notice to members of the Settlement Class was provided in the manner directed by the Court.

(2) Identify the date when the Settlement Website was fully established and its content made available to the members of the Settlement Class, the date or dates on which mail notices were mailed, the dates of the publication notices, and the date or dates of any other notice directed by the Court.

30. The Court stays all further proceedings in the Animal Land Consolidated Action as between the Class Plaintiffs or any other plaintiff in the Animal Land Consolidated Action, and the Defendants or any other defendant in the Animal Land Consolidated Action, except for proceedings related to effectuating and complying with this Class Settlement Agreement, pending the Court's determination of whether this Class Settlement Agreement should be finally approved or the termination of this Class Settlement Agreement.

31. The Court enjoins the members of the Settlement Class, pending the Court's determination of whether this Class Settlement Agreement should finally be approved or the termination of the Class Settlement Agreement, from challenging in any action or proceeding any matter covered by the Class Settlement Agreement or its release and covenant not to sue provisions, except for (i) proceedings in the Class Actions related to effectuating and complying with the Class Settlement Agreement; (ii) proceedings brought in this Court challenging or

objecting to the Class Settlement Agreement; and (iii) subject to Paragraph 40 of the Class Settlement Agreement, any claims for damages based on any conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act of any Settlement Class Released Party prior to the date of the Court's entry of the Class Settlement Preliminary Approval Order.

32. The Court intends to appoint an independent expert to assist the Court regarding economic issues related to the fairness of the Class Settlement Agreement. Such expert shall submit a written report to the Court and to the parties to the Class Settlement Agreement no later than August 11, 2014. Parties to the Class Settlement Agreement and class members must submit to the independent expert any material they would like the independent expert to review in connection with his or her report by June 6, 2014. Any response to the expert's report by the parties to the Class Settlement Agreement or any member of the Settlement Class must be filed with the Court no later than September 2, 2014.

IT IS SO ORDERED.

DATED: February 11, 2014

s/Nicholas G. Garaufis
_____
THE HONORABLE NICHOLAS G. GARAUFIS