UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IN RE: AMERICAN EXPRESS ANTI-STEERING RULES ANTITRUST LITIGATION

**MEMORANDUM & ORDER**

**11-MD-02221 (NGG) (RER)**

-------------------------------------------------------------------X

UNITED STATES OF AMERICA, et al.

Plaintiffs,

-against-

AMERICAN EXPRESS CO., et al.,

**MEMORANDUM & ORDER**

**10-CV-04496 (NGG) (RER)**

Defendants.
-------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

On September 26, 2013, Defendants American Express Company and American Express Travel Related Services Company, Inc. ("Defendants") filed a Motion to Consolidate separate actions brought by the United States and various state attorneys general ("Government Plaintiffs"), see No. 13-CV-04496 (NGG) (RER), and by several merchant plaintiffs ("Individual Merchant Plaintiffs"), see 11-MD-02221 (NGG) (RER), for the purposes of trial. (See Dkt. 279.) During a joint status conference held in the above-captioned cases on February 6, 2014, the court DENIED Defendants' Motion and announced its intention to file a separate order to that effect. (See Minute Entry, Feb. 7, 2014.) This Memorandum and Order follows.

**I.     DISCUSSION**

Federal Rule of Procedure 42(a) provides that a federal court may "join for hearing or trial any or all matters at issue" in actions pending before the court that "involve a common

1

question of law or fact." Fed. R. Civ. P. 42(a)(1). For the reasons set forth below, Defendants Motion is denied in its entirety.

### A.   Preliminary Approval Obviates Any Commonality

On February 11, 2014, the court entered two orders granting preliminary approval of the Class Settlement Agreement (the "Preliminary Approval Orders"). (Orders, Feb. 11, 2014 (11-CV-02221, Dkt. 333; 13-CV-07355, Dkt. 141).) As approved by the court, the Preliminary Approval Orders include an anti-suit injunction precluding all members of the Settlement Class from pursuing, among other things, injunctive challenges to Defendants' anti-steering, surcharging, and honor-all-cards rules. The anti-suit injunction will remain in effect pending the court's final approval of the agreement.

As a preliminary matter, the court recognizes and appreciates the difficulty this injunction imposes on certain members of the Settlement Class. The Individual Merchant Plaintiffs have been involved in similar litigation against Defendants since 2008, and are now subject to the terms of a Class Settlement Agreement they did not negotiate through the operation of Federal Rule of Civil Procedure 23(b)(2). However, the unfairness worked upon the Individual Merchant Plaintiffs by the anti-suit injunction is temporary—their case will proceed in due course should the court decline to approve the Class Settlement Agreement in its current form.

Notwithstanding their concerns, the court has entered the Preliminary Approval Orders and the Individual Merchant Plaintiffs accordingly are enjoined from pursing their equitable claims against Defendants pending the court's decision on final approval of the Class Settlement Agreement. As such, any common issues of law that might have been litigated alongside the Government Plaintiffs' case have been eliminated, and the court sees no further cause to consolidate the two trials.

### B. The Motion Would Otherwise Have Been Denied

Separate and apart from the court's decision to preliminarily approve the Class Settlement Agreement, the court has concluded that that consolidation of the Government Plaintiffs' and Individual Merchant Plaintiffs' trials is not warranted.

All parties agree that the court has "broad discretion" when deciding whether "to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir. 1990); see also Fed. R. Civ. P. 42(a). Although the Second Circuit has indicated that considerations of judicial economy favor consolidation, it is equally clear that considerations of convenience must yield to the paramount concern that all parties receive a fair and impartial trial of their claims. See Johnson, 899 F.2d at 1285. After carefully considering the written submissions by the parties, the court has concluded that consolidation under Rule 42(a) would not have been warranted, even if preliminary approval had been denied.

First, as the Government Plaintiffs argue, there are compelling public policy reasons to decline consolidation of the two trials. Both the Supreme Court and Second Circuit have recognized that the well-established rule preventing private antitrust plaintiffs from intervening in government enforcement actions is motivated by "unquestionably sound policy." This rule ensures the Government full control of its enforcement action, avoids prolonging and confusing the Government's case with collateral side issues, and focuses the fact-finder's attention on the public interest presumably being advanced by the Government, rather than the monetary interests of private plaintiffs. See Sam Fox Publishing Co., Inc. v. United States, 366 U.S. 683, 693 (1961); Int'l Mortg. & Inv. Corp. v. Von Clemm, 301 F.2d 857, 862 (2d Cir. 1962). The same policy considerations militate against consolidation here.

3

Second, while Defendants are correct that there are common issues of law and fact shared between the Governments' and Individual Merchants' cases, the court finds that consolidation of the two trials against the wishes of both sets of plaintiffs would cause undue prejudice and is therefore inappropriate. The Individual Merchants' case involves statutory claims, defenses, and remedies not at issue in the Government case. (See Gov't Pls.' Opp'n (Dkt. 293) at 4–5.) Further, and perhaps most importantly, the two sets of plaintiffs advance different theories of the relevant market. While Defendants are correct that there are tensions between the plaintiffs' cases, Rule 42(a) does not afford American Express the right to exploit that tension in a consolidated trial—these are different cases proceeding under different complaints and advancing fundamentally different interests. The court will not force the plaintiffs to litigate against one another as well as against American Express, as doing so would damage their right to a fair and impartial trial on their respective claims. The same considerations counsel against the use of an "advisory jury" for the Governments' case.

Third, the mechanics of a consolidated trial would likely outweigh any gains in terms of judicial efficiency and economy. The court is unwilling to empanel a jury for a months-long consolidated trial only to shuttle the jury in and out of the courtroom depending on the evidence presentation or argument of the day or hour. This asks too much of the jury, and too much of the court as well. Consolidation would impose unnecessary logistical complications on the court and make the tasks of both fact-finders more difficult in what are already highly complex cases.

## II. CONCLUSION

Accordingly, for the reasons stated on the record during the February 6, 2014, status conference and for those outlined above, Defendants' Motion to Consolidate for the Purposes of Trial is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      February 11, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge